**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2110**

TODD HAWKINS,

Plaintiff - Appellant,

v.

ANDREW SAUL, Commissioner of Social Security,

Defendant - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:16-cv-00778-LCB-JEP)

Submitted:  November 18, 2019                    Decided:  December 3, 2019

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, reversed in part, and remanded with instructions by unpublished per curiam opinion.

Todd Hawkins, Appellant Pro Se.  Maija DiDomenico, Assistant Regional Counsel, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Todd Hawkins appeals the district court's order adopting the magistrate judge's recommendation to grant summary judgment in favor of the Commissioner of Social Security (Commissioner) and upholding the denial of Hawkins' application for disability insurance benefits. Upon review,[1] we affirm in part, reverse in part, and remand with instructions.

## I.

We will uphold a Social Security Administration disability determination if the "[Administrative Law Judge (ALJ)] has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Monroe v. Colvin*, 826 F.3d 176, 186 (4th Cir. 2016) (internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). In conducting this analysis, we will not "reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ"; rather, "[w]here conflicting evidence allows reasonable minds to differ," we defer to the ALJ's decision.

---

[1] We previously remanded this case to the district court for the limited purpose of determining whether Hawkins' complaint was timely filed pursuant to 42 U.S.C. § 405(g) (2012). Because the district court deemed the complaint timely—a finding the parties do not now contest—we conclude that § 405(g) presents no barrier to our review of the merits of Hawkins' appeal.

*Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets and internal quotation marks omitted).

The Commissioner employs a five-step process to evaluate a disability claim. 20 C.F.R. § 404.1520(a)(4) (2018). "Steps 1 through 3 ask: (1) whether the claimant is working; (2) if not, whether she has a severe impairment; and (3) if she does, whether the impairment meets or equals a listed impairment." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (internal quotation marks omitted). "Satisfying step 3 warrants an automatic finding of disability, and relieves the decision maker from proceeding to steps 4 and 5." *Id.* "If the claimant fails at step [3], the ALJ must then determine the claimant's residual functional capacity ('RFC'), which has been defined as the most you can still do despite your physical and mental limitations." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 254 (4th Cir. 2017) (brackets and internal quotation marks omitted). "After determining the claimant's RFC, the ALJ proceeds to step [4]" to determine whether the claimant is "able to perform [her] past work." *Id.* at 255 (internal quotation marks omitted). If not, "the ALJ finishes at step [5], where the burden shifts to the Commissioner" to establish "that the claimant can perform other work that exists in significant numbers in the national economy, considering the claimant's RFC, age, education, and work experience." *Id.* (brackets and internal quotation marks omitted).

## II.

The ALJ determined that Hawkins had not engaged in substantial gainful activity since his alleged onset date and that he suffered from the medically determinable

impairments of congestive heart failure, hypertension, and depression, the latter of which was a nonsevere impairment. The ALJ concluded that Hawkins did not have an impairment that met or equaled one of the listed impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2018). Finding that Hawkins could no longer perform his past relevant work, the ALJ relied on the testimony of a vocational expert to conclude that Hawkins retained the RFC to perform jobs that exist in the national economy and was, therefore, not disabled.

III.

Liberally construed, Hawkins' informal brief challenges the ALJ's RFC determination and the credibility determination reached by the ALJ in evaluating Hawkins' allegations of severe depression.[2] We conclude that remand is warranted with respect to these issues, as the ALJ's RFC and credibility determinations preclude meaningful appellate review.

In assessing a claimant's RFC, "the ALJ must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." *Monroe*, 826 F.3d at 187 (internal quotation marks omitted); *see* Social Security Ruling (SSR) 96-8p, 61 Fed. Reg. 34,474, 34,475 (July 7, 1996). The ALJ also "must include a narrative

---

[2] Although the district court did not address these precise issues in considering Hawkins' pro se pleadings below, we conclude that they are fairly encompassed in the arguments Hawkins raised below. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (requiring liberal construction of pro se pleadings).

discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (internal quotation marks omitted). "In other words, the ALJ must *both* identify evidence that supports his conclusion *and* build an accurate and logical bridge from [that] evidence to his conclusion." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (internal quotation marks omitted).

Although we have declined to adopt "a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis," we have concluded that "remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636 (alterations and internal quotation marks omitted). We find that several such inadequacies in the ALJ's analysis warrant remand here.

In evaluating Hawkins' RFC, the ALJ did not make any findings regarding how Hawkins' impairments affected his ability to perform work-related functions. The ALJ also made no findings regarding the severity and impact of various symptoms endorsed by Hawkins and/or described in the medical record that the record at least arguably indicates are related to his medically determinable impairments, including his shortness

5

of breath on exertion, fatigue, and medication side-effects.[3]  Because the ALJ's analysis gives no indication of what functions it found Hawkins able to perform and why, despite the existence of evidence that could support more stringent limitations, we are unable to review the RFC determination for substantial evidence.  *See Woods*, 888 F.3d at 694; *Mascio*, 780 F.3d at 637.

Next, in evaluating the credibility of Hawkins' allegations of severe depression, the ALJ made no mention of the March 5, 2012, opinion from Dr. Walter Ezeigbo or the longitudinal medical record documenting Dr. Ezeigbo's treatment of Hawkins' depression over a period of years.  "[T]he ALJ was required to 'evaluate every medical opinion' presented to him, '[r]egardless of its source.'"  *Brown*, 873 F.3d at 271 (internal quotation marks omitted).  This is particularly true where, as here, the opinion originates from Hawkins' treating physician.  *See* 20 C.F.R. § 404.1527(c) (discussing relevant factors in determining weight to be given medical opinions); *Brown*, 873 F.3d at 255-56 (discussing treating source rule).  And because the symptoms and limitations endorsed by Dr. Ezeigbo were, in certain material respects, more severe than those found by the ALJ, we cannot conclude that the ALJ's failure to discuss Dr. Ezeigbo's opinion was harmless.

---

[3] We observe that in his 2014 decision, the ALJ does not appear to have considered Hawkins' testimony during the original hearing held in March 2012, during which he provided a somewhat more detailed description of his symptoms and limitations.  *See* 20 C.F.R. § 404.900(b) (2018) ("[W]e will consider at each step of the review process any information [a claimant] present[s] as well as all the information in our records."); 20 C.F.R. § 404.1520(a)(3) (2018) ("We will consider all evidence in [a claimant's] case record when we make a determination or decision whether [the claimant] [is] disabled.").

Further, although "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (internal quotation marks omitted), the ALJ's failure to acknowledge Dr. Ezeigbo's treatment notes regarding Hawkins' depression—a substantial portion of the record related to Hawkins' mental health treatment—warrants remand, *see Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019).

We also conclude that the ALJ failed to "build a logical bridge" between the impairments he identified and the specific limitations included in the RFC determination. *See Woods*, 888 F.3d at 694 (internal quotation marks omitted). The ALJ included various postural and manipulative limitations in the RFC that have no apparent relation to the medically determinable impairments identified by the ALJ. In endorsing these limitations, the ALJ did not discuss the evidence on which he relied or the extent to which he found it credible. Absent a more thorough discussion of the evidence of record and a clearer explanation of the ALJ's reasoning, we are simply unable to review whether the ALJ's RFC determination fully encompasses Hawkins' impairments.

IV.

We have reviewed Hawkins' remaining challenges to the district court's analysis and find no reversible error. Accordingly, we reverse the district court's decision insofar as it concludes that substantial evidence supports the ALJ's RFC determination and conclusion that Hawkins' allegations of severe depression were not credible, but affirm the district court's judgment in all remaining respects. We remand with instructions to vacate the denial of Hawkins' application for benefits and remand for further

7

administrative proceedings consistent with this opinion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*REVERSED IN PART,*
*REMANDED WITH INSTRUCTIONS*